# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2025

Lyle W. Cayce
Clerk

————————

No. 25-40261
Summary Calendar

————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FREDDIE CAMACHO,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:97-CR-272-2

_____

Before KING, HAYNES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Freddie Camacho, federal prisoner # 81939-080, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). In 2024, Camacho sought compassionate release on the basis that the following constituted extraordinary and compelling reasons: (1) life sentence that was based on facts not found by a jury was unconstitutional in light of intervening

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

changes in sentencing law; (2) severity of life sentence; (3) unwarranted sentence disparities; and (4) post-sentencing rehabilitation. On appeal, Camacho contends that the district court abused its discretion in denying five motions, including his compassionate release motion, in a one-paragraph order without providing sufficient reasons.

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). When a district court denies a § 3582(c)(1)(A) motion, it must provide specific reasons for its decision. *Chambliss*, 948 F.3d at 693. However, the amount of explanation required is dependent on the circumstances of the case. *Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018) (18 U.S.C. § 3582(c)(2) motion).

Here, in its one-paragraph order denying various motions that had been pending before the district court for years, the district court stated only that it had "considered all of the 18 U[.]S[.]C[. §] 3553 factors" with respect to the denial of Camacho's compassionate release motion. The district court's order, however, does not provide a factual basis for the denial and leaves unanswered questions as to whether it considered Camacho's arguments raised in the pleading filed under seal. It is noteworthy that the judge who ruled on the compassionate release motion was not the sentencing judge, and the Government did not respond to Camacho's motion.

Because the district court's decision does not provide sufficient reasons for appellate review, IT IS ORDERED that the matter is REMANDED to the district court for the limited purpose of providing an explanation of reasons for the denial of Camacho's compassionate release motion filed in 2024. *See Chavez-Meza*, 585 U.S. at 116; *Chambliss*, 948 F.3d at 693. Camacho's motion for the appointment of counsel is CARRIED with the case.